IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM PAUL ROBERSON,

                      Petitioner,

      v.                                      CASE NO. 23-3112-JWL

TOMMY WILLIAMS,

                      Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Adam Paul Roberson, who is incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which will be granted. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why this matter should not be dismissed in its entirety because it was not timely filed.

**Background**

In April 2018, pursuant to a plea agreement, Petitioner pled no contest to and was found guilty of criminal charges in cases brought against him in 2015 and 2016 in the district court of Labette County, Kansas. (Doc. 1-1, p. 3.) On July 23, 2018, Petitioner was sentenced in all three cases to a controlling sentence of 162 months in prison. *Id.* Petitioner did not timely pursue a direct appeal. Instead, on May 27, 2020, he filed with the state district court a pro se motion seeking relief from his convictions. On November 12, 2020, his counsel filed in each criminal case a motion to withdraw plea. *Id.* The district court held an evidentiary hearing, after which it denied the motions in orders issued on September 13, 2021. *Id.* at 4; *see also* online records of Labette

1

County District Court, cases number 2015-CR-000037, 2016-CR-000078, and 2016-CR-000079. The order noted that the motions before it also seemed to seek relief available under K.S.A. 60-1507, but "[a] motion under K.S.A. 60-1507 . . . is an independent civil action that must be docketed separately." *See* online records of Labette County District Court, case number 2016-CR0000078, order dated Sept. 13, 2021. Petitioner does not appear to have appealed the denial of his motions to withdraw plea.

On April 28, 2022, Petitioner filed in Labette County District Court a motion seeking relief under K.S.A. 60-1501. *See* online records of Labette County District Court, case number LBP-2022-CV-000023. In an order issued September 14, 2022, the district court dismissed the motion, finding that the substance of the motion sought to withdraw Petitioner's pleas and sought relief available under K.S.A. 1507. *Id.* To the extent that Petitioner sought to withdraw his pleas, the motion was untimely and Petitioner had failed to establish excusable neglect, which the relevant state statute required to consider an untimely motion to withdraw plea. *Id.*; *see* K.S.A. 22-3210(e) (establishing one-year deadline for filing a motion to withdraw plea and stating that the time limitation "may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant").

Similarly, the district court found that if the motion was construed as being brought under K.S.A. 60-1507, it was untimely and Petitioner had not shown a manifest injustice. *See* online records of Labette County District Court, case number LBP-2022-CV-000023, order dated Sept. 14, 2022; K.S.A. 60-1507(f) (establishing one-year deadline for filing a motion under K.S.A. 60-1507 and stating that "[t]he time limitation herein may be extended by the court only to prevent a manifest injustice"). Thus, the district court denied the motion in its entirety. Petitioner filed a notice of appeal in the district court, but apparently failed to timely file all the documents necessary to docket his appeal in the Kansas Court of Appeals. *See* online records of Labette County District Court, case number LBP-2022-CV-000023; (*See* Doc. 1-1, p. 1).

Petitioner filed his current petition for federal habeas relief on April 24, 2023. (Doc. 1, p. 15.) *See United States v. Hopkins*, 920 F.3d 690, 696 n.8 (10th Cir. 2019) (explaining prison

mailbox rule).

## Standard of Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate; it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final,"

as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Petitioner was sentenced on July 23, 2018. Under Kansas law, he had 14 days to appeal, not counting the day that judgment was entered. *See* K.S.A. 22-3608(c) ("For crimes committed on or after July 1, 1983, the defendant shall have 14 days after the judgment of the district court to appeal."); K.S.A. 60-260(a)(1)(A) (explaining how to compute the time). Petitioner did not pursue a direct appeal, so judgment became final for AEDPA purposes and the one-year federal habeas limitation period began to run on August 7, 2018. Thus, Petitioner had to and including August 7, 2019 to file his § 2254 petition. *See Longoria v. Falk*, 569 Fed. Appx. 580, 581 (10th Cir. 2014) (unpublished) (citing *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) ("[I]n the absence of tolling the applicant's last day to file a § 2254 application under AEDPA is the anniversary of when the judgment became final.")). But Petitioner did not filed the current § 2254 petition until April 24, 2023.

The AEDPA statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). It does not appear from the information in the petition that statutory tolling is warranted in this matter, since Petitioner's earliest motion seeking relief from the convictions did not occur until 2020, when he filed his motions to withdraw his pleas. In any event, those motions were deemed untimely and the district court found that Petitioner had not established grounds to excuse the untimeliness, so they would not have tolled the AEDPA deadline. *See Pace v. DiGuglielmo*, 544 U.S. 1807, 1814 (2005) ("[W]hen a state court rejects a motion for post-conviction relief as untimely, 'it was not "properly filed," and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2).'"); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th

4

Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Thus, it appears that the current federal habeas petition was untimely filed.

The one-year federal habeas limitation period also is subject, however, to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Liberally construing the petition, as is appropriate since Petitioner proceeds pro se, Petitioner may intend to seek equitable tolling. He contends that he was unaware that he needed to personally docket his appeal in the K.S.A. 60-1501 proceeding because he was proceeding pro se. (Doc. 1, p. 4-5.) But "ignorance of the law is not a valid excuse for failing to satisfy procedural requirements." Valenzuela v. Silversmith, 699 F.3d 1199, 1207 (10th Cir. 2012) (citing Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)). "It is well-established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner also points to his history of mental health issues that required medication and at times led to his institutionalization, asserting that a manifest injustice occurred when he was allowed to plead to and was convicted of crimes without first undergoing a psychiatric evaluation. *Id.* at 6, 13-14. "'Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence,

institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity.'" *Alvarado v. Smith*, 713 Fed. Appx. 739, 742 (10th Cir. 2017) (quoting *Reupert v. Workman*, 45 Fed. Appx. 852, 854 (10th Cir. 2002)). To establish grounds for equitable tolling based on mental incapacity, a prisoner "needs to show that he had been institutionalized for mental incapacity, judged incompetent, or not capable of pursuing his own claim during the period in which he needed to file his application." *Alvarado*, 713 Fed. Appx. at 742.

The allegations in the petition do not meet this standard. Petitioner makes no allegations that he was institutionalized for mental incapacity, judged incompetent, or otherwise incapable of pursuing a federal habeas action at any point since his convictions became final on August 7, 2018. In order to receive sufficient equitable tolling based on mental incapacity to make the current petition timely, Petitioner must demonstrate such incapacitation for at least 3 years and 258 days during the time since his convictions became final. This is because 4 years and 258 days passed between the convictions becoming final and Petitioner filing his federal habeas petition and the AEDPA limitation period is only one year long.

There also is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." "The Supreme Court has made clear that a petitioner invoking actual innocence as to a guilty plea

still has to prove his innocence of the charge to which he pleaded guilty—namely, the crime of conviction." *Taylor v. Powell*, 7 F.4th 920, 933 (10th Cir. 2021). Moreover, Petitioner should be aware that his guilty pleas and his factual proffer in support of his guilty pleas work to undermine any actual innocence claim. *See Johnson v. Medina*, 547 Fed. Appx. 880, 885 (10th Cir. 2013) (unpublished).

## Conclusion

As explained above, the petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate grounds for statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause in writing why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will issue any further orders necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERD THAT** Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including May 29, 2023, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:   This 27th day of April, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge