## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ADAM PAUL ROBERSON,**

**Petitioner,**

**v.**                                                    **CASE NO. 23-3112-JWL**

**TOMMY WILLIAMS,**

**Respondent.**

## <u>MEMORANDUM AND ORDER</u>

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Adam Paul Roberson. It comes before the Court on Petitioner's responses (Docs. 4, 5) to this Court's Notice and Order to Show Cause (NOSC) (Doc. 3) regarding timeliness. The Court has reviewed Petitioner's arguments carefully and concludes that this matter must be dismissed as time-barred.

### Background

The complex procedural history that led to this matter was detailed in the Court's prior order and need not be related again here. Suffice it to say that in 2018, Petitioner was sentenced in Labette County, Kansas to 162 months in prison. Although he did not pursue a direct appeal, he sought relief from his convictions through other avenues, including pro se motions, motions to withdraw plea, and state habeas actions. None of Petitioner's efforts were successful.

Thus, on April 24, 2023, Petitioner filed in this Court a petition for federal habeas relief. (Doc. 1, p. 15.) The following day, the Court issued a NOSC explaining that it appears this matter was untimely filed. (Doc. 3.) The Court set forth the applicable law for calculating the deadline to

timely file a § 2254 petition, then reasoned:

> Petitioner was sentenced on July 23, 2018. Under Kansas law, he had 14 days to appeal, not counting the day that judgment was entered. *See* K.S.A. 22-3608(c) ("For crimes committed on or after July 1, 1983, the defendant shall have 14 days after the judgment of the district court to appeal."); K.S.A. 60-260(a)(1)(A) (explaining how to compute the time). Petitioner did not pursue a direct appeal, so judgment became final for AEDPA purposes and the one-year federal habeas limitation period began to run on August 7, 2018. Thus, Petitioner had to and including August 7, 2019 to file his § 2254 petition. *See Longoria v. Falk*, 569 Fed. Appx. 580, 581 (10th Cir. 2014) (unpublished) (citing *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) ("[I]n the absence of tolling the applicant's last day to file a § 2254 application under AEDPA is the anniversary of when the judgment became final."). But Petitioner did not filed the current § 2254 petition until April 24, 2023.

*Id.* at 4.

The NOSC further explained that the AEDPA statute of limitations is subject to statutory tolling, equitable tolling, and an exception in cases of absolute innocence. *Id.* at 4-7. Based on the petition before the Court, however, it did not appear that the petition was timely filed. Thus, the Court directed "Petitioner to show cause in writing why his petition should not be dismissed as time-barred." *Id.* at 7. Petitioner timely filed his response. (Docs. 4, 5.)

Because Petitioner proceeds pro se, the Court has liberally construed the responses and the exhibits attached thereto. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Therein, Petitioner alleges multiple reasons for the untimely filing of this matter, including "'manifest injustice,'" ineffective assistance of counsel, and excusable neglect. (Doc. 4, p. 1.) To the extent that Petitioner cites K.S.A. 22-3210 and asserts manifest injustice or excusable neglect may excuse the failure to comply with a time limitation, the timeliness of a federal habeas petition is calculated using the federal law identified in the Court's prior order. As a state law regarding the timing of motions to withdraw pleas, K.S.A. 22-3210 has no bearing on the timeliness of the case now before this Court.

Next, Petitioner alleges that his attorney, the prosecuting attorney, and the state judge were aware of his psychiatric problems and their severity. (Doc. 4, p. 1.) He asserts that he has been "in [and] out of psychiatric hospitals since age 10" and that he has been receiving Supplemental Security Income (SSI) due to his "bipolar disorder, schizoaffective disorders[,] and anxiety/conduct disorders." *Id.* The response also cites case law about courts' and attorneys' responsibilities when faced with a potentially incompetent litigant and alleges failures during Petitioner's own state-court proceedings. *Id.* at 1-3. For example, Petitioner alleges that his counsel "[b]ullied [him] into taking the plea" and that a state judge ordered an evaluation of Petitioner but then accepted Petitioner's plea and sentenced Petitioner without the evaluation ever being completed. *Id.* at 2.

More specifically, Petitioner informs the Court that he has "been in segregation for the duration of [his] incarceration," which severely limits his access to legal materials. (Doc. 5, p. 1.) He advises that he has been placed on suicide watch and on crisis level for homicidal thoughts several times while incarcerated in Kansas prisons. *Id.* He has been assigned a "mental health level 4 . . . aka special needs and [has] been under the care of a psychiatric therapist." *Id.* He has taken and "been under the influence of multiple psychiatric medications such as Geodon, Remeron, [and] Welbutrin [*sic*]" during his entire incarceration, which can make him "quite groggy" and cause emotional "ups [and] downs," despondency, and withdrawal. *Id.* at 1-2. To his credit, Petitioner acknowledges that he "missed time constraints," but he asks this Court to keep in mind that his constitutional rights were violated and the fact that he is not "asking to go home free." *Id.*

The Court acknowledges the seriousness of Petitioner's allegations. But even liberally construing the responses, they do not show Petitioner is entitled to statutory tolling of the August 7, 2019 deadline to file a federal habeas petition under § 2254. Similarly, although Petitioner points

to his serious psychiatric difficulties, he has not shown that he was "institutionalized for mental incapacity, judged incompetent, or not capable of pursuing his own claim during the period in which he needed to file his application." (Doc. 3, p. 6 (quoting *Alvarado v. Smith*, 713 Fed. Appx. 739, 742 (10th Cir. 2017).) And "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting general assertion of lack of access to prison law library as insufficient to justify equitable tolling). Thus, Petitioner has not shown that he is entitled to equitable tolling.

Finally, the responses do not identify new reliable evidence that would make it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crimes to which he pled. Thus, Petitioner has not shown that he qualifies for the actual innocence exception to the federal habeas limitation period. (*See* Doc. 3, p. 6.) For all these reasons, the Court concludes that the petition currently before it was not timely filed and this matter must be dismissed as time-barred.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial

of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERD THAT** this matter is **dismissed** as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 5th day of May, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge